IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Case No. 17-mj-2074 |
| v. | * | |
| | * | |
| | * | |
| MARK ALDRICH, | * | |
| | * | |
| | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

In this case, Defendant is charged in a Criminal Complaint with possession of marijuana and α-pyrrolidinovalerophenone (PVP), in violation of 21 U.S.C. § 844. Before the Court are Defendant's Motion to Suppress (ECF No. 9) and the Government's opposition thereto (ECF No. 12). In his Motion to Suppress, Defendant seeks to suppress a statement made to an officer of the National Institute of Standards and Technology ("NIST") police department and physical evidence found as a result of the search of his car. Specifically, Defendant avers that, while he was being treated at Shady Grove Hospital, Officer Elliott of the NIST police department asked him what drugs he was on, to which Defendant responded, "The drugs are in my car." Defendant seeks to suppress this statement on Fourth and Fifth Amendment grounds.[1] Defendant also seeks to suppress on Fourth Amendment grounds the controlled substances that were found after his car was searched.

---

[1] The Government concedes that the aforementioned statement was made in response to Officer Elliott's questions. However, the Government avers that, shortly before making the statement to Officer Elliott, he was asked the same question and gave the same response to a treating nurse. The Government intends only to introduce the statement to the nurse.

The Court find that the material facts related to the determination of Defendant's Motion to Suppress are not in dispute, and, therefore, a hearing is not necessary. Upon reviewing the facts and authorities set forth in the parties' briefs, the Court finds that Defendant's statement that "the drugs are in my car," whether made in response to a question asked by the treating nurse or Officer Elliott, was not obtained in violation of Defendant's Fourth and Fifth Amendment rights. *See United States v. Kimbrough*, 477 F.3d 144, 150 (4th Cir. 2007) (citing, *inter alia*, *United States v. Romero*, 897 F.2d 47, 52-53 (2d Cir. 1990)); *United States v. Harris*, 154 F. Supp. 3d 299, 304-09 (E.D. Va. 2015); *United States v. Andrews*, No. 1:12CR100-1, 2014 WL 1663369, at *4 (N.D.W. Va. Apr. 23, 2014) ("[S]uppression is not the appropriate remedy for evidence obtained in violation of HIPAA."). Further, assuming *arguendo* that Defendant's statement should be suppressed, at least one or more independent bases exist to justify the warrantless search of Defendant's car. *See United States v. Bullette*, 854 F.3d 261, 265-67 (4th Cir. 2017). Therefore, the Defendant's Motion to Suppress his statement and the physical evidence (ECF No. 9) is **DENIED**, and Defendant's request for a hearing (ECF No. 10) is **DENIED**.

Date: October 30, 2017

/s/
Thomas M. DiGirolamo
United States Magistrate Judge